UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATE OF AMERICA,

Plaintiff,

v.

RAMESH KUMAR BIRLA, JR.,

Defendant.

No.  2:23-cr-00094-2 DJC

ORDER

Defendant Ramesh Kumar Birla, Jr., who is in pre-trial criminal detention at the Sacramento County Main Jail ("SCMJ"), filed a motion for temporary release pursuant to 18 U.S.C. § 3142(i), based on his medical conditions.  ECF No. 201.  The government filed an opposition to the motion.  ECF No. 219.  The undersigned heard the motion on May 28, 2026 and ordered the government to further respond to the motion, which it did.  In light of the record as a whole, the Court now DENIES Birla's motion for temporary release without prejudice.

Section 3142(i) "permit(s) the temporary release" of a person in pre-trial federal criminal custody "to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason."  "A serious health issue or medical condition may constitute a compelling reason for temporary release under this provision."  *United States v. Garcha*, 445 F.Supp.3d 93, 97 (N.D. Cal. 2020).

There is no question that Birla has serious health issues.  Nor is this the first time Birla has sought release under § 3142(i) to seek to address those issues.  The undersigned previously

1

ordered him released for a single day—March 17, 2025—pursuant to § 3142(i), so that he could attend an appointment with his physician and his chiropractor.  ECF No. 122.  However, as explained below, it is unclear how severe Birla's conditions are, and whether and how SCMJ has failed to meaningfully address those conditions.

Birla's motion is supported by the following exhibits: (1) a medical opinion letter, dated April 3, 2026, from Dr. Casey Jowers, MD, based on review of Birla's medical records dated from March 31, 2023 to December 22, 2025 (ECF No. 205, Sealed Def. Exh. A[1]); (2) a defense investigator statement documenting a bulge in Birla's abdomen and a declaration from Birla about his own physical condition, both dated May 4, 2026 (ECF No. 214, Def. Exh. B[1]);[1]  and (3) another medical opinion letter, dated May 13, 2026, from Dr. Jowers, based on a phone call with Birla on May 12, 2026 and the previously-reviewed medical records (ECF No. 221, Def. Exh. B[2]).  After the government filed its court-ordered response—which made a number of representations about the purported adequacy of Birla's medical care at SCMJ—Birla then filed two additional exhibits: (1) a series of emails from SCMJ staff concerning Birla's care and physical state (ECF No. 230, Sealed Def. Exh. A[2]); and (2) another medical opinion letter, dated June 9, 2026, from Dr. Jowers, addressing the government's response, and a letter from Birla's chiropractor (ECF No. 230, Sealed Def. Exh. B[3]).

Based on the current record and defense counsel's representations, the undersigned is concerned about Birla's health and well-being.  Nevertheless, the current record does not demonstrate a "compelling reason" for Birla's release.  First, it is not clear what care Birla would seek if he were released.  As defense counsel acknowledged at the hearing on May 28, 2026, one of the purposes of the prior temporary release, which occurred on March 17, 2025, was to allow an outside physician to evaluate Mr. Birla's conditions and recommend potential additional specialized treatment.  Yet no evaluation or diagnosis from that prior temporary release was

---

[1]  The ECF entry for this document states "[Disregard – Counsel to Refile]," though it is not clear why this statement was generated in ECF.  In any event, the document at ECF No. 214, does not appear to have been refiled. Defense counsel did file a distinct, sealed document entitled Exhibit B (ECF No. 221), which is why the Court designates the document at ECF No. 214 as Defense Exhibit B[1] and the subsequently-filed sealed document at ECF No. 221 as Defense Exhibit B[2].

presented to the Court.  Moreover, at the hearing, defense counsel indicated that if temporarily released, Birla would seek hospitalization in order to be fully evaluated.  Yet Birla has not shown that he has presented to SCMJ staff with conditions that would warrant immediate hospitalization or that SCMJ staff have refused hospitalization where it would otherwise be medically appropriate.[2]

Second, some of Birla's self-reported conditions cannot be reconciled with other information in the record.  In particular, Birla's reported limitations in Defense Exhibit B[1] (ECF No. 214) are inconsistent with his voluntary laundry worker position at SCMJ, as described in the government's response (ECF No. 224) and emails from SCMJ (ECF No. 230, Defense Exh. A[1]).[3]  SCMJ's reports of Birla's normal diagnostic results are also inconsistent with the self-reported severity of some of his symptoms.  *Id*.  So too is Birla's evaluation by a physician on March 14, 2026, which reportedly noted "no significant findings[.]"  *Id.*  It could be that SCMJ medical staff are missing something.  However, it is simply not clear how objectively severe Birla's current medical conditions are.

Finally, there is information in the record suggesting that SCMJ staff have sought to address many of Birla's concerns.  For example, SCMJ has provided Birla a CPAP machine to address his sleep apnea (though Dr. Jowers believes it is the wrong type of CPAP machine) and has a pending order for other needs, "including an abdominal hernia support binder[.]"  ECF No. 230, Def. Exh. A[1].  Moreover, over the course if his incarceration, Birla has reportedly been "evaluated multiple times by the primary care provider" and referred to "urology, gastroenterology, Ophthalmology, and pulmonology clinics, where he was seen accordingly."  *Id*. Moreover, SCMJ reports that all of Birla's "health service requests … were addressed and treated within the required time frames."  *Id*.  A primary care provider evaluated Birla as recently as June 4, 2026.

---

[2]  At the hearing, defense counsel reported that Birla has experienced what she perceived to be medical emergencies during meetings with him.  However, there is nothing in the record as to how SCMJ reacted to those episodes, including whether they failed to seek hospital admission for him when they should have done so.

[3] SCMJ medically cleared Birla to work on May 21, 2026.  *Id*.

On this record, Birla has not shown a compelling reason for his temporary release. Birla's motion (ECF No. 201) is DENIED. The denial of Birla's motion is without prejudice to a future request for temporary release, which should be supported by specific information showing that the current medical care SCMJ is providing him is inadequate and a specific proposal for care and treatment upon release.[4]

IT IS SO ORDERED.

DATED: June 12, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

---

[4] Birla would no doubt benefit from regular chiropractic care, as his chiropractor indicates. ECF No. 230, Def. Exh. B[3]. However, the undersigned does not believe that the compelling reason standard is met for release for purposes of chiropractic care alone.

4